# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH SUTTER | § | |
| | § | |
| v. | § | Case No. 4:15-CV-342 |
| | § | Judge Mazzant |
| WELLS FARGO BANK, N.A. d/b/a | § | |
| WELLS FARGO HOME | § | |
| MORTGAGE | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #8). Having considered the relevant pleadings, the Court is of the opinion that Plaintiff's motion should be granted.

Plaintiff Kenneth Sutter filed suit in the 296th Judicial District Court of Collin County, Texas, against Defendant asserting claims for tortious interference with business relations, negligent misrepresentation and for violation of the Fair Credit Reporting Act. On May 15, 2015, Defendant filed a Notice of Removal on the grounds of federal question jurisdiction (Dkt. #1). On June 4, 2015, Plaintiff filed an amended complaint, omitting the federal claim (Dkt. #7).

On June 4, 2015, Plaintiff filed a motion for remand (Dkt. #8). Plaintiff asserts that the basis for Defendant's removal no longer exists and that now removal was improper and the case should be remanded back to state court. On June 18, 2015, Defendant filed a response (Dkt. #9). Defendant asserts that the case was properly removed and the Court has subject matter jurisdiction over this case. Defendant requests that the Court exercise supplemental jurisdiction over this case.

Removal of the case to federal district court was proper, giving this Court original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. § 1367(a). The question before the Court is whether the Court should exercise its supplemental jurisdiction now that Plaintiff has dropped his

federal claim.

In determining whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims, the Court must look to the statutory factors set forth by 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *McCleeland v. Gronwald*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 483 (5th Cir. 2003)) (noting that "no single factor is dispositive"); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors). The Court should guard against improper forum manipulation. *Carnegie–Mellon*, 484 U.S. at 357. No single factor is dispositive. *Mendoza*, 532 F.3d at 346.

The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). The common law factors as set forth in *Carnegie–Mellon* include judicial economy, convenience, fairness, and comity. 484 U.S. at 350, 353.

Because Plaintiff has dismissed his federal claim, his only remaining claims are state-law claims. The Court has discretion, considering the applicable factors, to remand the state law claims, and the Court now turns to that analysis. In the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining claims. *Carnegie–Mellon*, 484 U.S. at 350 n.7. The Fifth

Circuit recently reinforced this rule in *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011). The Fifth Circuit emphasized that the decision whether to remand is governed by "the statutory factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy, convenience, fairness, and comity." *Id.* at 158–59. The factors are balanced, and no one factor is dispositive.

The state claims predominate over the federal claims, which have been dropped. Consistent with the *Enochs* decision, the Court finds that "the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *Enochs*, 641 F.3d at 159.

The common law factors include judicial economy, convenience, fairness, and comity. As in *Enochs*, the first factor weighs in favor of remand: "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims." *Id.*

Remand would not cause any financial or other inconvenience. Further, it is certainly fair to have the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would be prejudiced by a remand to Texas state court. Thus, the convenience, fairness, and comity factors each favor remand, and the overall balance of the common law factors weighs heavily in favor of remand. The Court finds no evidence of forum manipulation by Plaintiff. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999). Clearly, Plaintiff did not want to be in federal court. Plaintiff filed an amended complaint dropping his lone federal claim less than one month after removal.

It is therefore ORDERED that Plaintiff's Motion to Remand is hereby GRANTED and the case is REMANDED to the 296th Judicial District Court of Collin County, Texas.

**SIGNED this 14th day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE